Filed 8/27/15  P. v. Montgomery CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067660 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD240113) |
| SEAN MONTGOMERY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2012, in four separate incidents, Montgomery entered four separate businesses and attempted to cash fraudulent checks.  In 2013, in four separate cases, Sean Montgomery was convicted of five counts of using personal identifying information, six counts each of burglary and forgery, two counts of possessing a controlled substance, and

one count of acquiring account information. He received a total prison term of nine years four months.

In 2015, Montgomery filed a petition to reduce to misdemeanors his convictions for burglary and forgery under the ameliorative provisions of Proposition 47, entitled "The Safe Neighborhoods and Schools Act" (the Act). The trial court denied the petition. Montgomery timely appealed.

Montgomery filed a brief raising no issues, but requesting this court to independently review the record for arguable contentions under *People v. Wende* (1979) 25 Cal.3d 436. We advised Montgomery of his right to file a supplemental brief. Montgomery has not filed a brief. We have completed our independent review of the record. There are no arguable appellate issues and we are satisfied that Montgomery's attorney has fully complied with his responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, at p. 441.)

Misdemeanor resentencing under the Act is available to "[a] person currently serving a sentence for a conviction" under "[s]ections 11350, 11357, or 11377 of the Health and Safety Code, or [s]ection 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code." (Pen. Code, § 1170.18, subd. (a), undesignated statutory references are to the Penal Code.) Burglary and forgery, violations of sections 459 and 470, subdivision (d), respectively, are not among the offenses specified in the Act that are eligible for resentencing.

The Act added section 459.5 defining shoplifting, a misdemeanor, as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to

2

be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." (§ 459.5; Historical and Statutory Notes, 48A Pen. Code (2015 pocket supp.) foll. § 459.5, p. 122.) Here, however, Montgomery did not commit a shoplifting; rather, he attempted to pass a fraudulent check. Thus, Montgomery is not eligible for a reduction under the new shoplifting statute.

The Act also amended section 473, regarding punishment for forgery, to provide for misdemeanor treatment if the forgery did not exceed $950. (§ 473, subd. (b); Historical and Statutory Notes 48B West's Ann. Pen. Code (2015 pocket supp.) foll. § 473, p. 4.) This subsection also provides that it "shall not be applicable to any person who is convicted both of forgery and of identity theft, as defined in Section 530.5." (*Ibid.*) Thus, Montgomery is not eligible for a reduction under the amended forgery statute based on his five convictions for using personal information in violation of section 530.5.

DISPOSITION

The order denying defendant's Proposition 47 petition for recall and resentencing is affirmed.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.

3